IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Bernadette Cortez | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | **Judge:** |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| Enhanced Recovery Company, LLC<br>8014 Bayberry Road<br>Jacksonville, FL 32256 | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Bernadette Cortez, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Enhanced Recovery Company, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e

3. The FDCPA strenuously protects a Debtor's rights under 15 U.S.C. Section 1692g against any "overshadowing" or "contradictory" language by a debt collector regarding threats during the time period that a Debtor is protected by the rights afforded in Section 1692g.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Bernadette Cortez (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois.
8. Defendant, Enhanced Recovery Company, LLC ("Defendant"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, FL 32256 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to Enhanced Recovery Company, LLC.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

11. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $227.32 (the "Debt") to an original creditor (the "Creditor")
12. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
14. On October 28, 2015, Plaintiff received an initial collection letter from Defendant.
15. Said collection letter is indeed dated October 28, 2015, however it gave a due date of November 21, 2015 to pay this debt and if it is not paid by this date: the Plaintiff will be subjected to the "next stage of delinquency."

16. This is a blatant violation of 15 U.S.C Section 1692g.
17. Here, we have a due date with a threat of further action expiring before the thirty day dispute period, prescribed under 15 U.S.C. Section 1692g(a).
18. In this case, the Defendant is telling Plaintiff that the only way to stop collection activity is to pay the debt, when in fact, upon a request for verification of the debt, as stated in 15 U.S.C. Section 1692g
19. As described in the *Johnson vs. Revenue Management Corporation*, 169 F.3d 1057 (7th Cir. 1999), a debt collector has an obligation to refrain from confusing the debtor by "undercutting" the requisite notice or implying a different obligation.
20. Furthermore, this letter overshadowed and/or confused Plaintiff regarding his rights under 1692g.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
22. The Defendants' conduct violated 15 U.S.C. Section 1692g in that the threat contained in this letter gave the Plaintiff the impression that further collection activities would occur over Plaintiff's "Mini-Miranda" rights.
23. Plaintiff is entitled to damages as a result of Defendants' violations.

**JURY DEMAND**

24. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

25. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff